

26- CV- 1042 GMM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

RAMÓN SENA, Plaintiff,

v.

ADMINISTRATION OF MENTAL HEALTH AND ANTI-ADDICTION SERVICES (ASSMCA); HÉCTOR MANUEL CAY, in his official and individual capacities; GENESIS MARIE (last name unknown), in her individual capacity; MEDCARIBE, INC.; MILLENNIUM HEALTH SERVICES; JOHN DOES 1–10, Defendants.

Civil Action No. ____

COMPLAINT (Federal Civil Rights and Supplemental Employment Action) 42 U.S.C. § 1983 | 28 U.S.C. § 1367 JURY TRIAL DEMANDED

I. INTRODUCTION

1. This is an action for violations of Plaintiff's constitutional rights under the Fourteenth Amendment, brought pursuant to 42 U.S.C. § 1983, together with related employment and discrimination claims under the laws of Puerto Rico, over which this Court has supplemental jurisdiction.

2. This case arises from a sustained pattern of state action carried out under color of law by the Administration of Mental Health and Anti-Addiction Services ("ASSMCA") and its agents, including the placement of prescription monitoring alerts, communications with Plaintiff's employers and spouse, coercive referrals to addiction services, and threats, all without notice, evaluation, or due process of law.

3. These state actions foreseeably and directly resulted in Plaintiff's repeated loss of employment, reputational harm, medical interference, financial instability, and interference with his marital relationship. Private employer Defendants acted upon the stigma and consequences created by state action, resulting in Plaintiff's termination from employment.

II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over Plaintiff's Puerto Rico law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts as the federal claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because all events giving rise to this action occurred in Puerto Rico.

## III. PARTIES

1. Plaintiff Ramón Sena is an adult resident of Puerto Rico and a licensed health professional who worked as a Physician Assistant.

2. Defendant ASSMCA is an agency of the Commonwealth of Puerto Rico and at all relevant times acted under color of state law.

3. Defendant Héctor Manuel Cay is the Executive Director of ASSMCA and is sued in his official capacity for declaratory and injunctive relief and in his individual capacity for damages.

4. Defendant Genesis Marie (last name unknown) is an agent and/or employee of ASSMCA and/or its Prescription Drug Monitoring Program ("PDMP") and is sued in her individual capacity.

5. Defendant MedCaribe, Inc. is a private healthcare provider operating in Puerto Rico and Plaintiff's former employer.

6. Defendant Millennium Health Services is the human resources entity responsible for employment administration and termination decisions for MedCaribe.

7. Defendants John Does 1–10 are unknown employees, supervisors, or agents of ASSMCA and/or PDMP whose identities will be determined through discovery.

---

## IV. FACTUAL ALLEGATIONS

### A. Background

1. Plaintiff has never been diagnosed with substance abuse or addiction.

2. Plaintiff received prescriptions for certain medications from licensed physicians in the ordinary course of medical practice.

### B. Pattern of State Action and Lack of Due Process (2025)

1. Beginning in or about 2025, ASSMCA and/or its PDMP placed alerts or flags associated with Plaintiff's prescription history.

2. These alerts were imposed without prior notice to Plaintiff, without an interview, without a hearing, and without any objective clinical evaluation.

3. ASSMCA and/or its agents communicated directly with Plaintiff's employers and pharmacies regarding these alerts before ever contacting Plaintiff.

4. Plaintiff was not afforded any meaningful opportunity to respond, contest, or clarify the basis for the alerts.

5. As a foreseeable and direct result of these actions, Plaintiff lost multiple employment positions during 2025.

C. Pharmacy Notification and Direct PDMP Contact

1. Plaintiff was informed by a pharmacy that his profile contained a "red flag" that prevented the dispensing of prescribed medication.

2. Plaintiff contacted Defendant Genesis Marie, who acknowledged the existence of the flag and questioned how Plaintiff obtained her contact information.

3. Plaintiff was informed that the flag might be reviewed or removed after supervisory consideration; it was not removed.

D. Employment with MedCaribe and Termination (January 2026)

1. Plaintiff was employed by MedCaribe through Millennium Health Services and was nearing completion of his probationary employment period.

2. Plaintiff's access credentials were deactivated immediately before his probationary period concluded.

3. On or about January 20, 2026, Plaintiff was terminated without prior warning, explanation, or opportunity to respond.

4. Plaintiff reasonably believes and alleges that his termination was influenced by stigma, communications, and consequences originating from ASSMCA's actions.

E. January 20, 2026 ASSMCA Meeting

1. On January 20, 2026, Plaintiff appeared in person at ASSMCA offices seeking explanations regarding the repeated employment losses and prescription alerts.

2. Plaintiff remained at ASSMCA offices for approximately four (4) hours.

3. Defendant Héctor Manuel Cay and other ASSMCA personnel were present.

4. Plaintiff's credibility was questioned, and he was pressured to accept addiction-related services without diagnosis or evaluation.

5. Plaintiff requested that an objective toxicology test be administered to refute any allegation of substance misuse.

6. ASSMCA refused to perform or facilitate such testing.

7. During the meeting, Defendant Cay stated that actions could be taken against Plaintiff's spouse if she were an employee or contractor.

F. Post-Meeting Referrals and Continued Coercion

1. Following the meeting, Plaintiff was referred internally to addiction-related services without informed consent or clinical findings.

2. Plaintiff received calls offering detoxification, residential, or outpatient services prior to any objective testing.

3. Plaintiff independently obtained a toxicology test at his own expense.

---

V. CLAIMS FOR RELIEF

COUNT I – Deprivation of Due Process (Fourteenth Amendment) (42 U.S.C. § 1983)

1. Defendants, acting under color of state law, deprived Plaintiff of protected liberty and property interests, including his reputation, employment, and bodily autonomy, without notice or an opportunity to be heard.

COUNT II – State Coercion and Abuse of Authority (42 U.S.C. § 1983)

1. Defendants used stigma, threats, and control over essential services to coerce Plaintiff into accepting treatment absent due process.

COUNT III – Interference with Marital Relationship (42 U.S.C. § 1983)

1. Defendants intentionally interfered with Plaintiff's marital relationship by threatening adverse actions against Plaintiff's spouse.

COUNT IV – Wrongful Termination and Discrimination (Puerto Rico Law – Supplemental Jurisdiction)

1. MedCaribe and Millennium terminated Plaintiff without just cause and under discriminatory circumstances, relying upon stigma and information generated by state action.

COUNT V – Violation of Privacy and Employment Protections (Puerto Rico Law – Supplemental Jurisdiction)

1. Defendants violated Plaintiff's rights to privacy and fair employment under the laws of Puerto Rico.

---

VI. DAMAGES

1. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of employment, loss of income, emotional distress, reputational harm, interference with medical treatment, and financial hardship.

4

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated Plaintiff's constitutional and statutory rights; B. Award compensatory damages in an amount to be determined at trial; C. Award punitive damages against the individual Defendants; D. Grant declaratory and injunctive relief as appropriate; E. Award costs and any other relief the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

RAMÓN SENA Plaintiff Pro Se Address: _____ Telephone: ___ Email: _____   347-207 8-792   ramonsena22@hotmail.con

Date: _____

Adress: 1005 c/ Alejandria
Puerto Nuevo P.R.
00920