**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RAMÓN SENA<br><br>    Plaintiff,<br><br>v.<br><br>ADMINISTRATION OF MENTAL HEALTH AND ANTI-ADDICTION SERVICES (ASSMCA); HÉCTOR MANUEL CAY, in his official and individual capacities; GENESIS MARIE (last name unknown), in her individual capacity; MEDCARIBE, INC.; MILLENNIUM HEALTH SERVICES; JOHN DOES 1–10,<br><br>    Defendants. | Civil Action No. 3:26-cv-01042-GMM |

**<u>DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY</u>**

TO THE HONORABLE COURT:

MED CARIBE C.S.P. and MILLENNIUM MEDICAL, LLC (collectively, "Defendants"), appearing as the entities incorrectly identified in the Complaint as "MedCaribe, Inc." and "Millennium Health Services," respectfully move for leave to file the attached Surreply to Plaintiff's Opposition (Dkt No. 21) and state as follows:

On May 4, 2026, Defendants filed their Response to Plaintiff's post-deadline submissions. Dkt. No. 20. On May 5, 2026 — one day later — Plaintiff filed Dkt. No. 21, a five-page structured opposition brief containing multi-section legal argument, case citations, and a formal prayer for relief.

Plaintiff's posture before this Court is internally contradictory plus independently warrants denial of further delay. By Dkt. No. 18, Plaintiff requests no less than thirty additional days to file a substantive opposition to Defendants' Motion to Dismiss. Yet

Dkt. No. 21 — filed the following day — is precisely that opposition. Styled as "Plaintiff's Opposition to Defendants' Response and Renewed Opposition to Motion to Dismiss," Dkt. No. 21 contains five pages of structured legal argument organized into enumerated sections, case citations, and a formal prayer for relief directly addressing Defendants' Rule 12(b)(6) arguments. Plaintiff has already filed the opposition he claims he needs thirty more days to prepare. The request for additional time is therefore moot as a matter of docket record and granting it would serve no purpose other than further delay of a motion that is ripe for decision now.

That filing is itself the most probative evidence now before the Court on the threshold issue of whether Plaintiff's failure to meet the April 21, 2026 deadline constitutes excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). Plaintiff's Dkt. No. 21 brief was prepared and filed from Krome Detention Center — the same facility and the same conditions Plaintiff identifies as the grounds for his claimed incapacity. The brief was filed two days after Defendants' Dkt. No. 20 response, demonstrating that Plaintiff possessed the consistent ability to prepare and file complex legal submissions during the period he asserts rendered timely compliance impossible.

This material development postdates Defendants' Dkt. No. 20 filing and could not have been addressed therein. Surreply is warranted to ensure the Court has a complete record on an issue that is directly dispositive of Plaintiff's procedural default argument.

It addresses only facts that are already on the docket and arguments that flow directly from Plaintiff's own filings. It does not raise new claims, new parties, or new legal theories. Plaintiff has full access to his own docket entries and is in the best position to respond if the Court permits a reply.

2

The attached Surreply is limited to three arguments: (1) Plaintiff's own filing history during the period of alleged incapacity refutes his excusable neglect claim as a matter of record; (2) the merits independently require dismissal with prejudice on grounds already briefed; and (3) further amendment would serve no purpose. The brief does not reargue positions already before the Court in Dkt. Nos. 13 and 20. It supplements the record on a discrete factual point of direct legal consequence.

WHEREFORE, Defendants respectfully request that this Court grant leave to file the attached Surreply and accept it as part of the record for purposes of deciding the pending Motion to Dismiss and Plaintiff's related motions.

**CERTIFICATE OF SERVICE**: I hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff Ramón Sena, pro se, as per Consent to Receive Notices of Electronic Filing to his email address of record.

**RESPECTFULLY SUBMITTED.**

**DATE:**  May 11,  2026.

FLEMING LLC
B5 Calle Tabonuco
Ste 216, PMB 275
Guaynabo, PR 00968-3022
(787) 661-1994

S/Robert Alex Fleming
Robert Alex Fleming
USDC No 206703
Email: fleming@fleminglex.com

3