**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

RAMON SENA,

       Plaintiff

         v.

ADMINISTRATION OF MENTAL HEALTH
AND ANTI-ADDICTION SERVICES
(ASSMCA), et al.,

       Defendants.

**Civil No. 26-1042 (GMM)**

<u>**OPINION AND ORDER**</u>

Pending before the Court are the following motions by Plaintiff Ramón Sena-Alcantara ("Plaintiff" or "Sena") and Defendants MedCaribe, C.S.P. ("MedCaribe") and Millennium Medical, L.L.C. ("Millennium") (collectively, "Defendants"): *Motion to Dismiss by Entities Incorrectly Named as Defendants "MedCaribe, Inc." and "Millennium Health Services" (Fed. R. Civ. P. 12(B)(6))* ("*Motion to Dismiss*") at Docket No. 13; *Defendants' Motion to Lift Abeyance and Grant their Unopposed Motion to Dismiss with Prejudice* ("*Motion to Deem the Motion to Dismiss as Unopposed*") at Docket No. 15; *Emergency Motion for Extension of Time Nunc Pro Tunc* at Docket No. 16; *Emergency Motion for Relief from Deadline and Request for Leave to File Out-Of-Time Response* at Docket No. 17; *Emergency Plaintiff's Motion for Leave to File*

Civil No. 26-1042 (GMM)
Page -2-

*Late Opposition, Opposition to Defendants' Motion to Deem Dismissal Unopposed, and Request for Extension of Time* at Docket No. 18; and *Plaintiff's Motion for Leave to File Amended Complaint* ("*Motion to Amend the Complaint*") at Docket No. 19.

For the reasons explained below, Plaintiff's requests for extension of time, at Docket Nos. 16, 17, and 18, are deemed **MOOT**; the *Motion to Deem the Motion to Dismiss as Unopposed* is **DENIED**; the *Motion to Amend the Complaint* is **GRANTED**; and the *Motion to Dismiss* is **GRANTED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 26, 2026, Plaintiff filed pro se a complaint against the Mental Health and Anti-Addiction Services Administration ("ASSMCA", by its Spanish acronym), an agency of the Commonwealth of Puerto Rico; Héctor Manuel Cay ("Cay"), who was identified as Executive Director of ASSMCA; Genesis Marie LNU,[1] who was identified as an employee of ASSMCA's Prescription Drug Monitoring Program; MedCaribe, identified as a private healthcare provider; and Millennium, identified as MedCaribe's human resources services entity. (Docket No. 2). Plaintiff includes five claims in his complaint: Counts one through three bring federal civil rights claims under 42 U.S.C. § 1983 ("Section 1983"); and counts four and five assert Puerto Rico law claims for wrongful

---

[1] Last name unidentified.

termination, discrimination, privacy violations, and lack of employment protections. (Id. at 4).

Per the pleadings, Plaintiff is a licensed physician assistant who worked for MedCaribe, a private health care provider, through the human resources services contractor Millennium. (Docket Nos. 2 at 2-4; 19-1 at 2-4). Plaintiff alleges that beginning in 2025, ASSMCA delivered – without notice or hearing - prescription monitoring alerts to Plaintiff's employers and pharmacies that warned about Plaintiff's medication history and prevented the dispensing of certain prescriptions. (Docket Nos. 2 at 2-4; 19-1 at 2-4). On January 20, 2026, Plaintiff was terminated without warning, and he alleges that at the moment that his access credentials were deactivated, he was near the completion of his probationary employment period. (Docket Nos. 2 at 3; 19-1 at 4).

Plaintiff "reasonably believes and alleges that his termination was influenced by stigma, communications, and consequences originating from ASSMCA's actions." (Docket No. 2 at 3). He further alleges that ASSMCA and its agents sustained a pattern of state action, under color of law, by communicating directly with his employers and pharmacies regarding those alerts. (Id. at 3-4).

Plaintiff seeks declaratory compensatory, and punitive damages, alleging that Defendants unlawfully deprived him of due

process, engaged in state coercion and abuse of authority, interfered with his marital relationship, discriminated against him, and violated his rights to privacy and fair employment. (Id.).

On April 7, 2026, MedCaribe and Millennium filed their *Motion to Dismiss*. (Docket No. 13). Therein, Defendants seek dismissal for failure to state a claim, positing that the *Complaint* does not allege facts sufficient to support the deprivation of federal rights under Section 1983, nor a finding that Defendants are fairly regarded as state actors under applicable caselaw. (Id. at 6-9). In addition, Defendants assert that the Court should decline to exercise supplemental jurisdiction after the dismissal of the federal claims. (Id. at 9-14). In the alternative, Defendants posit that the Puerto Rico law claims should be dismissed on the merits: The wrongful termination claim fails as a matter of law because Plaintiff admits that he was terminated during his probationary period, which allows for at-will termination; the discrimination claims fail because Plaintiff does not allege that he belongs to a protected class; and, as for the violations of privacy claims, Defendants argue that the sole allegation is a conclusory statement that does not identify a statute nor specific acts by Defendants and therefore cannot sustain the charge. (Id.).

After Plaintiff's time to respond to the motion to dismiss elapsed without a response or a request for an extension of time,

Civil No. 26-1042 (GMM)
Page -5-

on April 28, 2026 Defendants filed a *Motion to Deem the Motion to Dismiss as Unopposed*, reiterating its arguments. (Docket No. 15).

On April 30, 2026, Plaintiff filed four motions[2] requesting additional time to respond to the *Motion to Dismiss* and leave to amend the complaint, attaching an *Amended Complaint* "to clarify factual allegations and address issues raised in Defendants' Motion to Dismiss." (Docket Nos. 19 at 1; 19-1).

On May 4, 2026, Defendants filed *Defendants' Response to Plaintiff's Motions for Extension of Time and for Leave to Amend the Complaint*, reiterating that the *Motion to Dismiss* should be deemed unopposed and arguing that allowing an amendment to the *Complaint* would be futile, as the *Amended Complaint* also fails to plausibly state a claim under federal and state law. (Docket No. 20). On May 5, 2026, Plaintiff filed *Plaintiff's Opposition to Defendants' Response and Renewed Opposition to Motion to Dismiss*. (Docket No. 21). On May 12, 2026, with leave of the Court, *Defendants' Surreply* was filed. (Docket No. 24). On that same date, without prior leave from the Court, Plaintiff filed *Plaintiff's Response Regarding Procedural Delay, Excusable Neglect, and Extraordinary Circumstances*. (Docket No. 25). Plaintiff avers

---

[2] *Emergency Motion for Extension of Time Nunc Pro Tunc*, (Docket No. 16); *Emergency Motion for Relief from Deadline and Request for Leave to File Out-Of-Time Response*, (Docket No. 17); *Emergency Plaintiff's Motion for Leave to File Late Opposition, Opposition to Defendants' Motion to Deem Dismissal Unopposed, and Request for Extension of Time*, (Docket No. 18); *Motion to Amend the Complaint*, (Docket No. 19).

Civil No. 26-1042 (GMM)
Page -6-

that his delays are excusable due to his ongoing detention by immigration authorities. (Id.).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*citing* Twombly, 550 U.S. at 556). As the First Circuit has stated, "[d]ismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (*quoting* Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

Courts employ a two-step process to evaluate dismissal under Rule 12(b)(6). "At the first step, we distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited). At step two, we must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant

is liable." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (citation modified).

A plaintiff's pro se status does not excuse noncompliance with either a court's orders or the Rules of Civil Procedure. Instituto de Educación Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000); Eagle Eye Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994). Nevertheless, in considering a motion to dismiss a pro se complaint, the Court must remain mindful of its duty to show leniency to the pro se litigant. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a pro se plaintiff is entitled to have their complaint construed liberally, Wedeen v. Green River Power Sports, 14 F. App'x 6, 6-7 (1st Cir. 2001), he may not rely on "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citation omitted). In addition, the "duty to be 'less stringent' with pro se complaints does not require [the court] to conjure up implied allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. APPLICABLE LAW AND ANALYSIS

Affording Plaintiff a liberal construction of his pleadings and deploying the leniency required for a pro se litigant, the Court resolves the pending matters.

Civil No. 26-1042 (GMM)
Page -8-

A.    Requests for extensions of time, leave to amend the complaint,
      and deeming the *Motion to Dismiss* as unopposed

On April 30, 2026, 24 days after Defendants' *Motion to Dismiss*, Plaintiff filed two untimely requests for extensions of time to respond to the *Motion to Dismiss* and amend his *Complaint*. (Docket Nos. 16-18). Plaintiff also attached his *Amended Complaint*, stating that he was addressing the matters raised in the *Motion to Dismiss*. (Docket No. 19).

Rule 15 of the Federal Rules of Civil Procedure freely authorizes amendments to pleadings when "justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the *Amended Complaint* alleges virtually the same causes of action, save its addition of a negligence claim under Puerto Rico law. *See* (Docket No. 19-1 at 4). Plaintiff avers that his delays are excusable due to his ongoing detention by immigration authorities. (Docket Nos. 19, 19-2). Notwithstanding, the docket reflects that Plaintiff has still been able to continue filing responses to Defendants' motions and making requests to the Court. On the other hand, Defendants' *Motion to Dismiss* addresses all of Plaintiff's claims and Plaintiff's opposition to the *Motion to Dismiss* is equally responsive. It appears to the Court, therefore, that Defendants have been duly appraised of the causes of action since the beginning of the litigation. (Docket Nos. 13, 21). Further, to the extent Plaintiff includes just a few new factual allegations in the *Amended*

*Complaint*, Defendants have had an opportunity to address them, in their opposition to the motion to amend and further filings. (Docket No. 20). Under these circumstances, the *Amended Complaint* is allowed, and the Defendants' Motion to Dismiss can also be considered.

Hence, after construing pro se Plaintiff's requests leniently, as is required by applicable case law, and after considering that Plaintiff has been detained during a substantial period of the litigation, the Court grants him leave to amend the *Complaint*. The *Amended Complaint* filed at Docket No. 19-1 is deemed filed and considered the operative pleading for Plaintiff's claims.

Hence, Plaintiff's requests for leave and extension of time at Docket Nos. 16, 17, and 18 are deemed moot; and the *Motion to Deem the Motion to Dismiss as Unopposed* is **DENIED**. The Court now proceeds to address the merits of the *Motion to Dismiss*.

B.    *Motion to Dismiss* under Rule 12(b)(6)

1.    Federal claims against MedCaribe and Millennium

Section 1983 furnishes a private right of action against any state officer who deprives a plaintiff of constitutional or federal rights. 42 U.S.C. § 1983. To state a claim pursuant to Section 1983, "a plaintiff must allege (1) the violation of a right

protected by the Constitution or the laws of the United States and (2) that the perpetrator of the violation was acting under color of law." Cruz-Erazo v. Rivera-Montañez, 212 F.3d 617, 621 (1st Cir. 2000).

The first prong has two aspects: (1) there must have been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. Gutiérrez-Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). Showing a causal connection requires that the plaintiff establishes as to each defendant: (1) that the defendant's own actions deprived the plaintiff of his protected rights; and (2) that the defendant's conduct was intentional, grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *See* Hewes v. Pangburn, 162 F.4th 177, 190 (1st Cir. 2025) (discussing causation in a § 1983 context).

Here, Plaintiff fails on the first prong. Sena brings several constitutional claims, including violations of due process and privacy rights against MedCaribe and Millennium, based on the prescription monitoring alerts generated by ASSMCA. Sena claims that these alerts were sent without prior notice, any hearing, and lacked an adjudication process. Even when reviewing the

allegations in the light most favorable to Plaintiff, no clear constitutional violation is plausibly pled.  There is no recognized federal or constitutional right to "his reputation, employment, and bodily autonomy, without notice or an opportunity to be heard" in the manner Plaintiff alleges. (Docket No. 2 at 4). In addition, there is no clear causal nexus between the issuance of the alleged notifications and Plaintiff's employment termination because, as both parties concede, Plaintiff's job dismissal occurred during the probationary term under which he may be fired at will. Sena has failed to set forth facts indicating that but for the ASSMCA notifications he would have retained his employment.

As to the second prong, Plaintiff's allegations again fall short. It is well-settled that to advance a Section 1983 claim, Plaintiff "must show that [the defendant] is a state actor and that its conduct was state action." Johnson v. Educ. Testing Serv., 754 F.2d 20, 23 (1st Cir. 1985). Generally, a nongovernmental organization is not subject to this type of suit. Mead v. Indep. Ass'n, 684 F.3d 226, 231 (1st Cir. 2012). "If the challenged conduct cannot be classified as state action, a section 1983 claim necessarily fails." Cruz-Arce v. Mgt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021). Nevertheless, when the conduct of a private party can be "fairly attributable to the State," that conduct may constitute state action. Lugar v. Edmondson Oil Co.,

457 U.S. 922,937 (1982). Determining whether a private party's conduct amounts to state action demands a fact-intensive and context-specific inquiry. Burton v. Wilmington Parking Auth., 365 U.S. 715, 722 (1961).

MedCaribe and Millennium are not governmental actors; as pled by Plaintiff, they are private entities. Thus, Plaintiff can advance constitutional claims against MedCaribe and Millennium "only in [the] rare circumstance" when MedCaribe and Millennium's conduct may be fairly attributed to the Commonwealth of Puerto Rico. Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4-5 (1st Cir. 2005). Plaintiff bears the burden of proving these acts constitute state action. Flagg Bros. v. Brooks, 436 U.S. 149, 156 (1978).

To determine whether a private party is a state actor within the purview of Section 1983, the First Circuit employs three tests. Cruz-Arce, 19 F.4th at 543-44. "First, a private party may be considered a state actor if it assumes a public function which, by tradition, is exclusively reserved to the state (the public function test)." Id. at 544. "Second, a private party may be considered a state actor if its conduct is coerced or significantly encouraged by the state (the state compulsion test)." Id. "Third, a private party may be considered a state actor if it and the state have entered into so symbiotic a relationship that they have become

Civil No. 26-1042 (GMM)
Page -13-

joint participants in the challenged conduct (the nexus/joint action test)." Id. Plaintiff's allegations, in their most favorable light, cannot stand under any of these three tests.

First, the public function test turns "on whether the public function is one that has been traditionally exclusively reserved to the State." Id. at 545 (internal citation omitted). This test is satisfied in narrow contexts. Classic examples include the administration of elections, and the provision of healthcare in prisons. Id. The historical facts surrounding the private entity's public functions dominate this test. Id. Here, Plaintiff has not plausibly alleged that the alerts sent by ASSMCA about his prescription history that were allegedly communicated to his pharmacies and employers are within the "narrowly circumscribed contexts" that can satisfy this inquiry because Plaintiff does not, and cannot, provide any historical facts about ASSMCA and MedCaribe and/or Millennium's historical relationship to bear the weight of this test.

Second, Plaintiff fails to plausibly allege that either MedCaribe or Millennium satisfy the state compulsion test. The *Amended Complaint* alleges, in a conclusory fashion, that "Defendants, acting under color of state law through joint participation with ASSMCA: Deprived Plaintiff of liberty and property interests[;] Failed to provide notice or hearing[;]

Civil No. 26-1042 (GMM)
Page -14-

Relied on unverified government-generated information." (Docket No. 19-1 at 4). Plaintiff has not alleged facts that support the conclusion that the Commonwealth of Puerto Rico — through ASSMCA via alerts or flags regarding prescription history - exercised coercive power or provided such significant encouragement, overt or covert, to deprive Plaintiff of his employment such that it may be deemed state action. To the contrary, the *Amended Complaint* only contains conclusory allegations which this Court is not bound to take as true, including "Med Caribe's actions were directly influenced by and dependent upon the state-generated alerts" and "[Millennium] [p]layed an active role in the decision-making process leading to Plaintiff's termination." (Id. at 3) (emphasis omitted). Notably, in the original complaint, Plaintiff made analogous allegations that he "reasonably believes and alleges that his termination was influenced by stigma, communications, and consequences originating from ASSMCA's actions." (Docket No. 2 at 3). These unsupported statements are not sufficient to meet the pleading standard. Thus, the state compulsion test is unavailing as well.

Third, Plaintiff fails to plausibly allege joint action between Defendants and the state, for much of the same reasons as above. The nexus/joint action test is satisfied "where an examination of the totality of the circumstances reveals that the

Civil No. 26-1042 (GMM)
Page -15-

state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the challenged activity." Estades-Negroni, 412 F.3d at 5 (citation modified). As stated before, Plaintiff claims that MedCaribe and Millennium worked jointly with the Commonwealth agency ASSMCA to violate his constitutional rights. However, this is insufficient. Whatever the relationship between MedCaribe and Millennium with the state, Plaintiff concedes that, Millennium had the leading role in the decision-making processes that affected his employment. *See* (Docket No. 19-1 at 3). Beyond conclusory and formulaic allegations, the *Amended Complaint* is devoid of specific allegations about any communication between the private Defendants and ASSMCA, and much less joint participation between them. Accordingly, Plaintiff has not shown Defendants are state actors in accordance with the joint nexus/joint action test.

As Plaintiff has not met either of Section 1983's two prongs, his claims necessarily fail. The *Motion to Dismiss* is **GRANTED** as to the Section 1983 claims and they shall be dismissed with prejudice.

C.    Supplemental jurisdiction over Puerto Rico law claims against MedCaribe and Millennium

In his *Amended Complaint*, Plaintiff also brings Puerto Rico law claims for wrongful termination, discrimination, privacy

violations, and lack of employment protections against MedCaribe and Millennium, thus invoking supplemental jurisdiction. In the absence of any remaining federal claims, it is within the Court's discretion to retain supplemental jurisdiction over remaining state claims. *See* Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).

Where, as here, the federal claims are dismissed "at an early stage of the proceedings," a district court is "well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims." Bonilla-Gonzalez v. Elevance Health Co. of P.R., LLC, No. 24-CV-1499, 2024 WL 4769767, at *2 (D.P.R. Nov. 13, 2024) (collecting cases).

Since this Court has dismissed all federal claims over which it has original jurisdiction as to MedCaribe and Millennium, the Court declines to exercise supplemental jurisdiction over the remaining Puerto Rico law claims filed against them. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the Puerto Rico law claims as to MedCaribe and Millennium are **DISMISSED WITHOUT PREJUDICE.**

### IV. CONCLUSION

For the reasons explained herein, Plaintiff's requests for leave and extension of time at Docket Nos. 16, 17, and 18 are deemed **MOOT;** the *Motion to Deem the Motion to Dismiss as Unopposed* is **DENIED;** and the *Motion to Amend the Complaint* is **GRANTED.**

Civil No. 26-1042 (GMM)
Page -17-

Furthermore, after reviewing the *Amended Complaint*, in the light most favorable to Plaintiff, in view of the foregoing, the *Motion to Dismiss* is **GRANTED** and the federal claims against MedCaribe and Millennium are **DISMISSED WITH PREJUDICE.** The Puerto Rico law claims against MedCaribe and Millennium are **DISMISSED WITHOUT PREJUDICE.** Partial Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 16, 2026.


/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge